McAdoo v. Smith.

McAdoo *et als. v.* J. H. Smith *et als.*

Usury. *Remedy.* A remedy existing at the time a right accrued may be taken away by a statute.

FROM CANNON.

Appeal from Chancery Court. B. M. TILLMAN, Ch.

CANTRELL & GRIBBLE for complainant.

BURTON & FARE for defendants.

FREEMAN, J., delivered the opinion of the court.

The only question presented in this case is, whether a party, who claims to have paid usury in 1856, and before the Code went into operation—May 1st, 1858—can, after judgment against him in 1867, file his bill to have the usury allowed in a court of equity. The bill charges no complication of accounts, nor does it present any difficulty in making the defense at law.

We think the case is one that must be governed by the Code. The right to recover usury after judgment by a bill in equity, given by statute before the Code, was not such a remedy as gave a vested right, and which could not be altered or changed without impairing the obligation of the contract. A substantial remedy remained by defense at law, even if the case of recovery of usury was a question of contract at all, which we need not decide at present.

We need not cite the cases under the Code, re-

fusing the remedy in equity after judgment at law, except on other equitable grounds, independent of the fact that the suit was for the recovery of usury. They are familiar to the profession, and the principle repeatedly announced by this court.

The Chancellor dismissed the bill, and we affirm his decree, with costs of this court.